IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                                       CIV-S-07-0332 JAM GGH

MONARCH DREDGING, INC., et al.,
                                             FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        Plaintiff's motion for entry of default judgment against defendants Monarch Dredging, Inc. and John B. Anderson, filed April 1, 2008, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, the court determined that further briefing by the government was necessary on the issues of damages. Having now reviewed that briefing and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On February 15, 2007, plaintiff filed this action against defendants Monarch Dredging, Inc. and John B. Anderson. On August 31, 2007, plaintiff filed an amended complaint, alleging defendants operated a barge which sank on September 7, 2003, discharging

1

approximately 1,000 gallons of motor oil, diesel, and hazardous substances, impacting about 1.8 miles of shoreline near the Sacramento River.  After the barge was raised, it was revealed that more than 3,000 gallons of waste oil had been contained in it, and that the barge had been used for illegal dumping of oil and hazardous materials.  Lebsack Decl., Ex. A to Pl.'s Further Briefing, filed July 18, 2008.  The summons and complaint were served on defendant Monarch Dredging by personal service on its agent for service, Jeffrey Middlekauff, on February 28, 2007.  The summons and complaint were served on John Anderson by substituted service on Edie Anderson at defendant's home on April 10, 2007, with follow-up service by first class mail.  Fed. R. Civ. P. 4(e)(2).  <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants have failed to file an answer or otherwise appear in this action.  On October 29, 2007, the clerk entered default against defendants Monarch Dredging and John Anderson.

The instant motion for default judgment and supporting papers were served by mail on defendants at their last known addresses.  Defendants filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $2,481,661.72.

<u>DISCUSSION</u>

The United States brought this action under several theories, most notably, The Oil Pollution Act of 1990, CERCLA, and the Clean Water Act.  The United States seeks damages by way of default judgment, however, only under the Oil Pollution Act.  In initially reviewing the motion for default judgment, the undersigned could not determine whether the damages limitations provisions of the Oil Pollution Act then in effect, limiting damages to $500,000, applied notwithstanding the United States demand for $2,481, 661.72.  Thus, the undersigned asked for further briefing.

The Amended Verified Complaint alleges in paragraph 32 that the oil leakage was caused by, inter alia, the "gross negligence" of defendants.  That is sufficient to render the

damages limitations provision of the Oil Pollution Act inoperative.  33 U.S.C. § 2704(c).  The damages amount sought by the United States pursuant to the Act is comprised only of verifiable response costs as set forth in the moving papers regarding default judgment.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment, as well as the further briefing submitted in support of the damages claimed, also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED.  Judgment should be rendered in the amount of $ 2,481,661.72.  A proposed judgment has been lodged by plaintiff and is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to

\\\\\
\\\\\
\\\\\
\\\\\

1 file objections within the specified time may waive the right to appeal the District Court's order.
2 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: 10/02/08                              /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
USMonarch0332.def.wpd